IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ismael Villa,<br><br>          Plaintiff,<br><br>v.<br><br>Express Truss & Framing Systems LLC, et al.,<br><br>          Defendants. | No. CV-24-01890-PHX-ASB<br><br>**REPORT AND RECOMMENDATION** |

TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Plaintiff's Motion for Default Judgment Against Defendants Express Truss Framing Systems, LLC, Express Truss, LLC, and William Keshishi and Linet Mirzakanian (Doc. 23). No Response was filed to the Motion. For the reasons below, undersigned recommends the Motion be granted and default judgment be entered as to Defendants Express Truss Framing Systems, LLC; Express Truss, LLC; and William Keshishi and Linet Mirzakanian.

**A. Procedural History**

On July 30, 2024, Plaintiff filed a Complaint against Defendants Express Truss & Framing Systems LLC; Express Truss LLC; William Keshishi and Linet Mirzakanian, a married couple; and Caleb Riley and Shannon O'Neil, a married couple. (Doc. 1.) All defendants were served. (*See* Docs. 9-14.) Defendants Riley and O'Neil (collectively, the "Riley Defendants") filed an Answer. No other defendants filed a responsive pleading.

After an Order to Show Cause issued regarding Plaintiff's failure to prosecute the remaining defendants, Express Truss & Framing Systems LLC; Express Truss LLC; William Keshishi and Linet Mirzakanian (collectively, the "Express Truss Defendants"), Plaintiff filed an Application for Entry of Default as to the Express Truss Defendants. (Docs. 19-20.) The Clerk of Court entered default as to the Express Truss Defendants (Doc. 21). The Court then issued a second Order to Show Cause for failure to prosecute as to the Express Truss Defendants. (Doc. 22.) This Motion followed, and the Court set its Order to Show Cause aside. (Docs. 23-24.)

### B. Legal Standard

Once default has been entered against a party, the Court has discretion to enter default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

After the Court has been satisfied that it has personal and subject matter jurisdiction, the Court must consider the factors enumerated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) when deciding whether to grant default judgment. Those factors are: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* Upon default, and thus when applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). In its default judgment analysis, the Court "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th

Cir. 2002).

**C. Analysis**

The Court has considered the record of these proceedings, including Plaintiff's Declaration in Support of Motion for Entry of Default Judgment (Doc. 23-1). The Court finds that Plaintiff has complied with the requirements of Rule 55 of the Federal Rules of Civil Procedure. The Court therefore considers jurisdiction.

1. Jurisdiction

Subject matter jurisdiction is present because Plaintiff has brought certain claims under 29 U.S.C. §§ 206-07. *See* 28 U.S.C. § 1331. Personal jurisdiction exists, as Defendants are either organized in, or are residents of, this District, and the record establishes service was effectuated upon Defendants.

Because jurisdiction is proper, the Court next considers the *Eitel* factors.

2. *Eitel* factors

In deciding whether to grant default judgment, the Court must weigh "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

A. Factor 1

The Court finds the first factors weighs in Plaintiff's favor. Plaintiff has faithfully prosecuted this case since its inception. The Express Truss Defendants have not participated in this matter at all. Plaintiff has no alternative means to resolve his claims in his Complaint against the Express Truss Defendants. Thus, there is a strong possibility of prejudice to Plaintiff if default judgment is not entered. *See Ramirez v. Unique Transitional Homes Staffing LLC*, No. CV-23-01882-PHX-DGC, 2024 WL 1740020, at *2 (D. Ariz. Apr. 23, 2024) (finding the same in an action for unpaid wages because the plaintiff would

be without recourse or redress if default judgment were denied).

### B. Factors 2 and 3

Given the interplay of the second and third factors, the Court considers them together. *See Eitel*, 782 F.2d at 1472. Here, both factors weigh in favor of granting default judgment. The Court finds the Complaint contained great detail regarding the Express Truss Defendants' alleged violations of federal and state wage statutes. (*See* Doc. 1.) The allegations are taken as true. *Geddes*, 559 F.2d at 560.

First, the Court considers the second and third factors as they pertain to the federal wage statute. Plaintiff alleges both minimum wage and overtime wage violations under the Fair Labor Standards Act (FLSA). (Doc. 1 at 13-16.) "The FLSA requires employers to pay their employees a minimum hourly wage and additional overtime wages for any time spent working in excess of a forty-hour workweek (not less than one and a half times the hourly wage)." *Ramirez*, 2024 WL 1740020, at *2 (citing 29 U.S.C. §§ 206(a), 207(a)). "To establish a minimum wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) []he was an employee of Defendants, (2) []he was covered under the FLSA, and (3) Defendants failed to pay h[im] minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020). The FLSA defines an "employee" as "any individual employed by an employer" and an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d), (e)(1). "An individual can be subject to liability under the FLSA as an employer if they 'exercise control over the nature and structure of the employment relationship, or economic control over the relationship.'" *Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *3 (D. Ariz. Feb. 29, 2024) (quoting *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)). In his Complaint, Plaintiff alleges he was an employee of the Truss Defendants at all relevant times and they exercised control over his work and wages. (Doc. 1, ¶ 31.) Taking those factual allegations as true, Plaintiff has established he was an employee of the Express

Truss Defendants, and that the Express Truss Defendants were employers under the FLSA. "To bring an FLSA claim for unpaid minimum wages, a plaintiff must 'allege facts showing that there was a given week in which [she] was entitled to but denied minimum wages.'" *Avila*, 2024 WL 863710, at *4 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)). "To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek in which she worked in excess of forty hours and [was] not paid overtime wages." *Id.* (citing *Landers*, 771 F.3d at 646). In his Complaint, Plaintiff alleges he routinely worked in excess of 40-hour workweeks, and that he was not paid for his final 12 workweeks. (Doc. 1, ¶¶ 52-59.) Those allegations are further accepted as true, and Plaintiff has stated plausible minimum wage and overtime wage claims under the FLSA.

The Court next turns to the second and third *Eitel* factors as they relate to Plaintiff's claim under the Arizona minimum wage statute (A.R.S. § 23-364, or AMWA). (*See* Doc. 1 at 16-17.) "The AMWA establishes the minimum wage an employer must pay an employee in Arizona." *Avila*, 2024 WL 863710, at *4; A.R.S. § 23-363. "Like the FLSA, the AMWA defines an 'employee' as 'any person who is or was employed by an employer.'" *Id.* § 23-362(A). The AMWA goes on to define an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, [and] individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). Here, Plaintiff has sufficiently alleged that the Express Truss Defendants (which are either limited liability companies or individuals) are employers under the AMWA; that Plaintiff was their employee; and that Plaintiff was not paid for the hours he worked during the last 12 workweeks of his employment. (*See* Doc. 1 at 3-12.) Thus, Plaintiff has stated a colorable claim under the AMWA.

Accordingly, after taking the allegations in the Complaint as true, undersigned concludes Plaintiff has stated claims upon which he may recover under both the Fair Labor

Standards Act (29 U.S.C. § 201, *et seq*.) and Arizona's wage statutes (A.R.S. § 23-363, *et seq*.).

### C.  Factor 4

Under the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct.  *See PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002).  In the case at bar, Plaintiff seeks total damages in the amount of $80,220.00 against Express Truss Framing Systems, LLC, Express Truss, LLC, jointly and severally; and of that, $66,320.40 against Express Truss Framing Systems, LLC, Express Truss, LLC and William Keshishi and Linet Mirzakanian, jointly and severally.[1]  (Doc. 23 at 12, Doc. 23-1 at 4-5.)  He also seeks leave to file a motion for attorney's fees and costs.  (Doc. 23 at 12.)  Given the number of hours Plaintiff has alleged that he worked without compensation, the Court finds the amount of sought damages to be reasonable.  This factor weighs in favor of default judgment.

### D.  Factor 5

The fifth factor requires the Court to consider the possibility of dispute concerning the material facts.  This factor favors default judgment, as the Express Truss Defendants have failed to participate in this matter since being served.  Since that time, they have made no effort to meaningfully challenge Plaintiff's Complaint or engage in the discovery process, despite Plaintiff's diligent efforts to communicate with them.

### E.  Factor 6

Sixth, the Court considers whether the default was due to excusable neglect.  The record is devoid of any indication that the Express Truss Defendants' failure to participate in this case or otherwise defend against the Complaint since July 2024 is the result of excusable neglect.  The Express Truss Defendants were duly served with this lawsuit.  (Docs. 9-12.)  They are therefore fully aware of the pendency of this matter and their

---

[1] The Court considers *infra* the sufficiency of Plaintiff's evidence regarding sought damages.

attendant obligations. No evidence to indicate the Express Truss Defendants have excusably neglected this matter is before the Court. Thus, the factor weighs in favor of default judgment.

### F. Factor 7

Finally, the Court is mindful of "the general rule that default judgments are ordinarily disfavored," and that matters "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the Express Truss Defendants have essentially abandoned their defense of this lawsuit, despite their knowledge that it is ongoing. The Express Truss Defendants' conduct has rendered impossible the decision of this case on its merits, as it relates to them.

After considering and weighing the *Eitel* factors, undersigned finds default judgment is appropriate and recommends to the District Judge that default judgment be entered against the Express Truss Defendants.

### 3. Damages

When considering the amount of damages, the Court does not take the factual allegations contained in the Complaint as true. *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987). Rather, Plaintiff is required to prove up the damages he sought in his Complaint. *Philip Morris, U.S.A. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Further, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in" Plaintiff's Complaint. Fed. R. Civ. P. 54(c). "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Philip Morris*, 219 F.R.D. at 498 (citing Fed. R. Civ. P. 55(b)(2)).

Undersigned has carefully reviewed the Complaint (Doc. 1) and Plaintiff's Declaration (Doc. 23-1). Although the Complaint did not include a specific dollar amount of sought damages, the Complaint provided sufficient detail regarding the relief sought as to each of the three claims he pled. In his Complaint, Plaintiff pled the federal overtime

and minimum wage claims, and an Arizona minimum wage claim. (*See* Doc. 1 at 13-17.) In support of those claims, Plaintiff's Complaint contained the amount of days and hours Plaintiff typically worked, alleged that Plaintiff was not paid overtime, contained Plaintiff's hourly wage as determined by Defendants, and alleged that Plaintiff was not paid for his last 12 workweeks. (*See id.* at 8-10.) Plaintiff's Declaration included a detailed calculation of wages that aligns with the allegations contained in his Complaint. (Doc. 23-1 at 1-4.)

First, Plaintiff reasonably estimates he is owed $4,698.00 in unpaid federal minimum wages for Plaintiff's last 12 workweeks and $8,974.80 in unpaid Arizona minimum wages for that same period. (Doc. 23-1, ¶ 11.) "When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to 'unpaid minimum wages, [ ] unpaid overtime compensation ... and in an additional *equal* amount as liquidated damages.'" *Avila*, 2024 WL 863710, at *6 (citing 29 U.S.C. § 216(b) and adding emphasis). "Double damages are the norm, and single damages are the exception." *Id.*, citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003)). Thus, Plaintiff's unpaid federal wages are doubled to $9,396.00. Similarly, under Arizona's minimum wage law, "Any employer who fails to pay the wages or earned paid sick time required under this article shall be required to pay the employee the balance of the wages or earned paid sick time owed, including interest thereon, and an additional amount equal to twice the underpaid wages or earned paid sick time." A.R.S. § 23-364(G). Thus, Plaintiff's Arizona minimum wage damages are doubled to $17,949.60.

The Court notes that Plaintiff, in his Motion and Declaration, seeks trebled Arizona damages of $26,924.40. (Doc. 23 at 10; Doc. 23-1, ¶ 15, 17.) In support of that claim, Plaintiff cites in his Motion and Declaration to A.R.S. § 23-355. (Doc. 23 at 10; Doc. 23-1, ¶ 15.) A review of the Complaint, however, shows that Plaintiff did not cite to A.R.S. § 23-355; rather, he cited only to A.R.S. §§ 23-363, -64 (the AMWA). (Doc. 1 at 16-18.) This difference is important, as the Arizona Minimum Wage Act upon which Plaintiff's claim is based allows for only doubled damages. *See* A.R.S. § 23-364(G). The AMWA

falls under a different statutory provision (A.R.S. §§ 23-363, -364) than the Arizona Wages Act, which allows for trebled damages under A.R.S. § 23-355. Plaintiff failed to plead a claim under the Arizona Wages Act in his Complaint. (*See* Doc. 1.) "A default judgment must not differ in kind, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962) (stating that a default judgment may not be different in kind from or exceed in amount that prayed for in the complaint). Therefore, undersigned does not recommend a trebled award under A.R.S. § 23-355 as Plaintiff requests. Rather, undersigned recommends a doubled award under the AMWA, which is cited in the Complaint; such an award would amount to $17,949.60.[2]

Because double recovery is prohibited, *see Avila*, 2024 WL 863710, at *6 (citing *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333 (1980)), undersigned agrees with Plaintiff that a larger, trebled Arizona award "engulfs" the federal minimum wage damages of $9,396.00. (*See* Doc. 23-1, ¶ 18.) Therefore, as to minimum wage statutory damages, Plaintiff has established an award of $17,949.60.

Next, Plaintiff represents he was never paid overtime and that he should have been paid $19,698.00 in overtime wages. (Doc. 23-1, ¶¶ 13-14.) Undersigned finds that to be a reasonable estimate, given the number of hours worked by Plaintiff and the overtime rate as calculated. (*See id.*) As discussed above, 29 U.S.C. § 216(b) requires doubling of overtime damages. Thus, the total amount to federal overtime damages is $33,396.00.

Therefore, the total amount of statutory damages that undersigned will recommend be awarded is $51,345.60 ($17,949.60 + $33,396.00), against Defendants Express Truss Framing Systems, LLC, Express Truss, LLC, and William Keshishi and Linet Mirzakanian, jointly and severally. Consequently, to the extent that Plaintiff's total

---

[2] For the same reason, undersigned recommends that the sought amount of "fully trebled, unpaid regular wage damages" of $40,824.00 be denied. (Doc. 23-1, ¶ 19.) Indeed, Plaintiff's Motion seems to assume there was a AMWA claim and an unpaid wages (i.e., Arizona Wages Act) claim pled, as Plaintiff breaks out his analysis between the two statutes. (*See* Doc. 23 at 9-10.) But Plaintiff failed to plead A.R.S. § 23-355 in his Complaint. Thus, there is no statutory basis for trebling that has been properly pled.

damages request exceeds $51,345.60, undersigned recommends the request be denied.

Finally, Plaintiff requests leave to file a motion for attorney's fees (Doc. 23 at 11). Undersigned will recommend that the District Judge order such a motion be filed within 14 days of the District Judge's Order.

### D. Conclusion

For the foregoing reasons,

**IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Motion for Default Judgment Against Defendants Express Truss Framing Systems, LLC, Express Truss, LLC, and William Keshishi and Linet Mirzakanian (Doc. 23) be **granted in part and denied in part**, specifically:

    a. That the Motion for Default Judgment be granted insofar as Plaintiff is awarded statutory damages in the amount of $51,345.60 against Defendants Express Truss Framing Systems, LLC, Express Truss, LLC, and William Keshishi and Linet Mirzakanian, jointly and severally; and

    b. That the Motion for Default Judgment be denied as to any damages requested by Plaintiff exceeding $51,345.60.

2. That the Court order any motion for attorney's fees be filed no later than 14 days from the date the District Judge's Order is filed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of May, 2025.

_____
Honorable Alison S. Bachus
United States Magistrate Judge