1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ismael Villa, | No. CV-24-01890-PHX-SMM (ASB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Express Truss & Framing Systems LLC, et al., | |
| Defendants. | |

TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court and ripe for disposition is Plaintiff's Motion for Attorney's Fees (Doc. 31), supported by its accompanying affidavits and exhibits (Docs. 31-1 through 31-9) and Plaintiff's Bill of Costs (Doc. 32).

### A.  Background

The Court incorporates by reference its summary of the procedural history of this Fair Labor Standards Act ("FLSA") and Arizona Minimum Wage Act ("AMWA") matter that was contained in the previous Report and Recommendation (Doc. 26). That Report and Recommendation was adopted on June 3, 2025, when this Court granted in-part and denied in-part Plaintiff's Motion for Default Judgment (Doc. 23), against Defendants Express Truss Framing Systems, LLC, Express Truss LLC, William Keshishi, and Linet Mirzakanian (collectively, the "Defaulting Defendants"); awarded statutory damages in the amount of $51,345.60 to Plaintiff against the Defaulting Defendants, jointly and severally; denied any damages exceeding $51,345.60; and ordered that any response to Plaintiff's

1   Motion for Attorney's Fees be filed by June 16, 2025.  (Doc. 29.)

2          Plaintiff then timely filed his Motion for Attorney's Fees and Bill of Costs.  (Docs.

3   31-32.)  Although Plaintiff styled the Motion as being against "All Defendants," which

4   would therefore presumably include defendants who have not been defaulted, Plaintiff

5   clarified in his Motion that he seeks attorney's fees and costs against the Defaulting

6   Defendants only.  (Doc. 31 n.1.)  No response to the Motion for Attorney's Fees was filed.

7   Per LRCiv 7.2(i), a lack of response can be deemed as consent to granting of the Motion;

8   nevertheless, the Court considers the Motion on its merits under the applicable law.

9          **B.  Applicable Law and Analysis**

10         In a FLSA action, an award of reasonable attorney's fees and costs to a prevailing

11  plaintiff is mandatory.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to

12  any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be

13  paid by the defendant, and costs of the action.").  Similarly, under the AMWA, a

14  "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S.

15  § 23-364(G).  The Ninth Circuit has held that the word "defendant" in the FLSA

16  "describe[s] the party who may be liable for the plaintiff's attorney's fees" and "refers to

17  the employer against whom the charge of violation has been brought."  *Richard v. Alaska*

18  *Airlines, Inc.*, 750 F.2d 763, 766 (9th Cir. 1984).  The Defaulting Defendants have not

19  disputed that the statutory definition applies to them, and the Court finds that the Defaulting

20  Defendants each meet the statutory definition of a "defendant."

21         The Court further concludes that Plaintiff is the "prevailing party," as Plaintiff

22  "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the

23  part[y] sought in bringing suit" regarding the Defaulting Defendants. *Hensley v. Eckerhart*,

24  461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir.

25  1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying

26  *Hensley* in an analysis whether a plaintiff in a FLSA action was the prevailing party).  The

27  Defaulting Defendants have not disputed that Plaintiff is the "prevailing party" under

28  federal or Arizona law.

1    Thus, the Court finds Plaintiff is entitled to an award of fees and costs under federal
2    and Arizona law against the Defaulting Defendants.  The Court must now determine
3    whether the amount Plaintiff seeks for fees and costs is reasonable under applicable law.

4        1.  <u>Fees</u>

5    Although "[t]he award of an attorney's fee is mandatory, … the amount of the award
6    is in within the discretion of the court."  *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir.
7    1971) (citation omitted).  "To determine a reasonable attorneys' fee under FLSA, the Court
8    uses the lodestar method."  *Gary v. Carbon Cycle Ariz. LLC*, 398 F.Supp.3d 468, 485 (D.
9    Ariz. 2019) (citations omitted); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145,
10   1149 n.4 (9th Cir. 2008) ("District courts must calculate awards for attorneys' fees using
11   the 'lodestar' method.").  To calculate the lodestar, the Court multiplies "the number of
12   hours the prevailing party reasonably expended on the litigation by a reasonable hourly
13   rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (citing *McGrath v.*
14   *Cty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995)).

15            a. Hourly rate

16   Therefore, the Court first calculates the lodestar amount.  "When a party seeks an
17   award of attorneys' fees, that party bears the burden of submitting evidence of the hours
18   worked and the rate paid. In addition, that party has the burden to prove that the rate
19   charged is in line with the 'prevailing market rate of the relevant community.'"  *Carson v.*
20   *Billings Police Dep't*, 470 F.3d 889, (citing *Guam Soc'y of Obstetricians & Gynecologists*
21   *v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)); *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th
22   Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895) (1984) ("Reasonable hourly rates
23   'are to be calculated according to the prevailing market rates in the relevant community.'").
24   The "relevant community," in turn, "is the forum in which the district court sits."  *Camacho*
25   *v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132
26   F.3d 496, 500 (9th Cir. 1997)).

27   Here, Plaintiff's counsel, Clifford Bendau, II, seeks fees at an hourly rate of
28   $445.00.  (Doc. 31 at 5.)  In support of the requested amount, counsel highlights fee orders

- 3 -

1   from this court.  (*See* Docs. 31-2, 31-3, 31-5 at 4-5.)  Counsel also provides the Court with

2   a fee order in which $395.00 per hour was found to be reasonable in a FLSA action.  (Doc.

3   31-7.)  Based on the Court's review of recent cases in this District and orders provided by

4   Plaintiff, the Court concludes that an hourly rate of $395.00 is reasonable.

5                                b. Number of hours

6            Counsel seeks fees for 11.0 hours expended by Clifford Bendau, II.  (Doc. 31 at 6.)

7   The Court has reviewed the Itemization of Attorney's Fees and Costs submitted as Exhibit

8   D.  (Doc. 31-4.)  Of note, this Court is struck by the fact that counsel continues to attempt

9   to seek fees for tasks that this Court has repeatedly found are not permitted under binding

10  precedent.

11           First, counsel seeks his hourly rate for tasks such as emailing and filing documents.

12  (*See id.*)  In *Shorty v. Day and Night Med. Trans. Inc.*, No. CV 23-00084-PHX-ASB, 2023

13  WL 9101629, at *3 (D. Ariz. Dec. 15, 2023), *report and recommendation adopted* 2024

14  WL 50124 (D. Ariz. Jan. 4, 2024), this Court specifically excluded such fees due to binding

15  precedent, which is discussed *infra*.  And indeed, one of Plaintiff's own exhibits to his

16  instant Motion includes another Judge's specific finding that "[c]ertain entries" included

17  in Plaintiff's counsel's billing records reflected time spent on "clerical tasks, such as

18  sending and filing documents, and preparing a case file" and were not allowed under the

19  law.  (Doc. 31-7 at 3-4) (*Dunson v. RMH Franchise Corp.*, No. CV 23-00148-TUC-RM,

20  (D. Ariz. Sept. 29, 2023)) (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)).

21  To be sure, the Supreme Court observed in *Missouri v. Jenkins* that "purely clerical or

22  secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who

23  performs them … '[The] dollar value [of that non-legal work] is not enhanced just because

24  a lawyer does it.'"  491 U.S. 274, 288 n.10 (1989) (quotation omitted).  And the Ninth

25  Circuit stated in *Nadarajah*, 569 F.3d at 921, that clerical tasks "should [be] subsumed in

26  firm overhead rather than billed at paralegal rates."  Despite this case law, though, counsel

27  continues to seek these fees.

28           The Court notes that Rule 11(b)(2) of the Federal Rules of Civil Procedure dictates

- 4 -

that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  It is unclear how the instant Motion, insofar as it seeks fees for services that binding precedent expressly disallows, comports with Rule 11(b)(2).  The Court does not recommend action under Rule 11 at this juncture, but the Court will recommend that counsel be reminded of this Rule 11 obligations and potential sanctions for failure to comply with the Rule.

Pursuant to the above case law, the Court has determined that the following billing entries by Clifford Bendau, II, constitute clerical or secretarial tasks for which attorney's fees should not be awarded:

- Send representation agreement (.1)
- Receive representation agreement, create file (.1)
- Send complaint to client for review & signature (.1)
- Receive signed Complaint (.1)
- Finalize, file complaint (.1)
- Email to K. Odwyer re new lawsuits, send complaint (.1)
- Review response from K. Odwyer[1] (.1)
- Compile case documents, send to process server (.1)
- File service executed (.1)
- Finalize, file Application for Entry of Default (.1)
- Receive signed declaration from client (.1)
- Finalize, file motion for default judgment (.1)
- Send Motion to chambers (.1)
- Finalize, file motion for attorneys' fees and costs (.1).

---

[1] The Court notes that despite Plaintiff's statement in his Motion that he seeks only fees related to the Defaulting Defendants (Doc. 31 n.1), he seeks fees associated with communicating with counsel for <u>other</u> defendants.  Those tasks, in addition to being clerical, are disallowed because they do not apply to the Defaulting Defendants.

1    The total for the above, disallowed clerical or secretarial tasks is 1.4 hours.

2        The Court further finds the vague entry labeled "Email thred (sic) with process

3    server" by Clifford Bendau, II, fails to fully comply with LRCiv 54.2(e)(2).  That Rule

4    requires that counsel "furnish an adequate nonprivileged description of the services in

5    question," and various explanatory examples are furnished for counsel's reference.  For

6    example, for a telephone conference, counsel must "identify all participants and the reason

7    for the telephone call."  Due to potential privilege issues, the Court will not question the

8    vague entries of "Communication with client re case status."  However, the vague entry of

9    "Email thred (sic) with process server," without any further explanation as required by

10    LRCiv 54.2(e)(2), is deficient and does not support an award of fees.  Thus, that entry of

11    .1 hours is excluded.  The Court similarly excluded this type of fee in a previous case.

12    *Shorty*, 2023 WL 9101629, at *3.

13        In addition, the Court excludes Plaintiff's sought time reviewing this Court's three

14    orders to show cause.  First, the Court excludes the sought .1 hours spent on reviewing the

15    Court's August 19, 2024 Order to Show Cause for failure to comply with LRCiv 3.7(b).

16    The Court does not find it in the interests of justice to monetarily award Plaintiff's lack of

17    compliance with the Local Rules.  Similarly, the time billed for reviewing the Court's order

18    vacating the order to show cause hearing is excluded (.1 hours).  Next, the Court excludes

19    the sought .1 hours Plaintiff seeks in connection with reviewing the Court's November 13,

20    2024 Order to Show Cause why the case should not be dismissed for failure to prosecute.

21    Third, the Court excludes the sought .1 hours related to reviewing the Court's third overall

22    Order to Show Cause (and second issued regarding failure to prosecute), which was issued

23    on February 3, 2025.  The Court further excludes the time billed in February 2025 to review

24    its Order setting aside the show cause order (.1 hours), because but for counsel's actions,

25    such an order would have been unnecessary.  The Court notes that it has similarly excluded

26    such sought fees in a past case, *see Shorty*, 2023 WL 9101629, at *3-4; it is concerning that

27    counsel continues to seek to be rewarded for these actions.  A total of .5 hours is excluded

28    in the interests of justice.

c. Lodestar calculation and conclusion

Therefore, of the 11.0 hours billed by Clifford Bendau, II, the Court excludes 2.0 hours (1.4 + .1 + .5).  The resulting lodestar amount is therefore $3,555.00, which represents 9.0 hours for Clifford Bendau, II, at an hourly rate of $395.00.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149 n.4.  That is, "in rare cases, district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976)… that have not been subsumed in the lodestar calculation." *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992) (internal citations omitted).  The *Kerr* factors are:

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee,
> (6) whether the fee is fixed or contingent,
> (7) time limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the professional relationship with the client, and
> (12) awards in similar cases.

526 F.2d at 70; *see also* LRCiv 54.2(c)(3).

This matter is a straightforward wage case, wherein the Defaulting Defendants never participated.  Plaintiff's counsel did not have to conduct any discovery regarding those Defaulting Defendants, and there were no complex or significantly contested issues. After considering the *Kerr* factors, the Court finds no reason to adjust the lodestar.

2. Costs

In addition to fees, Plaintiff seeks filing and service costs and "anticipated costs of collecting on the anticipated forthcoming judgment."  (Doc. 31 at 16-17.)  The Court

1    addresses each request in turn.

2        First, the Court considers Plaintiff's request for costs he has already expended for

3    service and filing.  Initially, the Court notes that Plaintiff's Motion contains contradicting

4    requested amounts of these costs.  On page 13 of his Motion, Plaintiff seeks reimbursement

5    "of actual litigation expenses in the amount of $661.80."  (Doc. 31 at 13.)  This amount is

6    wholly unsupported by the Motion and its accompanying exhibits.  (*See* Doc. 31.)  Indeed,

7    it appears the entire sentence is from a motion used in a previous case, because another

8    figure used in the same sentence is similarly unsupported.  (*See id.* at 13.)  Later in the

9    Motion, Plaintiff's sought amount of fees and costs reflects costs in the amount of $860.00.

10    (*See id.* at 14.)  Plaintiff refers the Court to Exhibit D, which is counsel's billing statement.

11    (*Id.*)  The billing statement, in turn, contains line-items totaling $860.00 in costs ($405.00

12    in filing fees + $455.00 in service fees).  (Doc. 31-4 at 3.)  Those costs are further detailed

13    in the process server's invoice.  (*Id.* at 5, Doc. 32.)  Despite Plaintiff's statement in his

14    Motion that he seeks only fees and costs associated with the Defaulting Defendants (Doc.

15    31 n.1), his service invoice (for which he seeks <u>complete</u> reimbursement in the instant

16    Motion) includes costs related to service of other, non-defaulting defendants.  (*See* Doc.

17    31-4 at 5, Doc. 32 at 4.)  Therefore, the line-item related to service upon Defendants Riley

18    and O'Neil, totaling $64.00, is deducted from the $455.00 listed service fee.  With the

19    exclusion of that $64.00 line-item, the Court finds the sought out-of-pocket costs to be

20    reasonable and supported by the documentation.  Therefore, Plaintiff's awardable costs are

21    $405.00 in filing fees and $391.00 in allowed service fees, for a sum of $796.00.  (*See* Doc.

22    32.)

23        Next, Plaintiff requests he be awarded "anticipated collection costs."  (Doc. 31 at

24    13-17.)  Again, Plaintiff's requested amounts are contradictory.  Initially, his Motion seeks

25    $3,585.20.  (*Id.* at 13.)  However, the remainder of his Motion argues he should be awarded

26    $15,125.15.  (*Id.* at 14-17.)  The Court will assume for purposes of resolving the Motion

27    that Plaintiff's first amount was incorrect and that he is actually seeking $15,125.15.

28        In support of this request for "anticipated collection costs," Plaintiff provides the

Court with an order entered by another judge of this District. (Doc. 31-3 (*Alvarez v. Talaveras Renovations LLC*, No. CV 23-02654-PHX-DWL, 2024 WL 1195462 (D. Ariz. Mar. 20, 2024).) That judge allowed such costs in a similar FLSA and AMWA matter. (*See id.*) In his Motion, Plaintiff recognizes that other judges in this District have found that "anticipated collection costs" are speculative and have denied requests for them, but Plaintiff contends *Alvarez* should persuade the Court to award those costs to him in this case. (*See id.*)

After carefully considering the cases cited by Plaintiff, as well as other cases from this District, the undersigned will not recommend the anticipated collection costs be awarded. As the Court has observed in a similar case: "Although Plaintiff has provided documentation to support that Plaintiff will actually incur the anticipated collection costs—thereby alleviating concerns that such costs are too speculative—there is simply no way to evaluate, at this time, whether such costs are reasonable." *Rasmussen v. Dream Helpers LLC*, No. CV-23-01808-PHX-SMM (JZB), 2025 WL 582747, at *2 (D. Ariz. Feb. 24, 2025). "Summarily awarding costs in the thousands of dollars for what could amount to a perfunctory collection effort does not fall within the realm of reasonable costs." *Id.* Undersigned agrees with that analysis and therefore will recommend that the request for $15,125.15 in anticipated collection costs be denied.

## C. Conclusion

For the foregoing reasons, **IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Motion for Attorney's Fees (Doc. 31) be **granted in part**; and

2. That the Court award Plaintiff $3,555.00 in attorney's fees and $796.00 in costs, for a total of **$4,351.00,** against Defendants Express Truss Framing Systems, LLC, Express Truss LLC, William Keshishi, and Linet Mirzakanian, jointly and severally. This recommended award excludes a total of 2.0 total hours in attorney's fees, $64.00 in service costs, and $15,125.15 in "anticipated collection costs" post-judgment. This recommended award is in addition to the statutory damages previously awarded by the Court in Doc. 29.

3.   That Plaintiff's counsel be reminded of his obligation to comply with Rule 11 of the Federal Rules of Civil Procedure and that sanctions may result if counsel seeks relief that is not permitted under the law.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 23rd day of July, 2025.

Honorable Alison S. Bachus
United States Magistrate Judge